Grand Lodge, Ancient Order of United Workman, appellant, v. Insurance Board of the State of Nebraska, appellee.

Filed January 20, 1919.   No. 20577.

1. Insurance: Foreign Association: Right to Transact Business. Where a foreign fraternal beneficiary society fails to show that it has complied with its own laws as to the right to do business in this state, it is not entitled to admission.

2. ———: Administrative Board: Powers. An administrative board may exercise only those discretionary powers given it by statute. When it is its duty to act, the statutory requirements having been complied with, it has no discretion. *State v. Morehead*, 100 Neb. 864.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. *Affirmed*.

*Byron G. Burbank*, for appellant.

*Fawcett & Mockett, E. J. Lambe* and *J. J. Ledwith*, contra.

Letton, J.

Appeal from an order of the state insurance board refusing the appellant a license to do business in Nebraska for the year 1918. The time limit having expired, a decision will be of no avail, except perhaps to indicate our views on the points discussed in the opinion.

The record in this case shows that the appellant filed a certified copy of its charter, articles of association, and a copy of its constitution and laws, certified by its secretary; it appointed the secretary of the insurance board to be its attorney in fact, on whom all process should be served; it paid the fees provided for by the statute, and filed a certificate of the insurance commission of the state of Iowa that it was authorized to do business in that state, that being the state under the laws of which it is incorporated.

The Grand Lodge of the Ancient Order of United Workmen of Nebraska is a similar organization which has been doing business in this state for many years. Apparently its affairs had become involved. After the filing of the application of appellant, the insurance board, at several meetings, discussed the affairs of the Nebraska order, and suggested tentative proceedings to reinsure the members of the A. O. U. W. of Nebraska in the appellant association. Finally, it adopted the following resolution:

"Whereas, the report of the special examination conducted by the actuary of the insurance department indicates a favorable possibility of the A. O. U. W. of Nebraska being able to rehabilitate itself by the payment of pending death claims and of meeting its future obligations, and

"Whereas, because of the similarity in names of the A. O. U. W. of Nebraska and the A. O. U. W. of Iowa, the admission of the latter order to this state would cause confusion in the minds of many present and prospective members, and thus still further retard the efforts of the Nebraska order to fulfil its obligations to its members: Therefore be it

"Resolved, that the application of the A. O. U. W. of Iowa for a license to operate in this state be rejected." From this order this appeal is taken.

Sections 3303-3305, Rev. St. 1913, governing the admission to do business in this state of a fraternal beneficiary association organized under the laws of another state, provide, in substance, for the filing with the insurance board of duly certified copies of its charter, articles of association, and of its constitution and by-laws, together with an appointment of the insurance board and its secretary as a person upon whom service of process may be made. It is also provided that the board may examine into the condition, affairs, character, business methods, accounts, books, and investments of such society at its home office, and "if the board

\* \* \* is of the. opinion that no permit should be granted \* \* \* it may refuse to issue. the same.'' Section 3303 provides, in substance, that, on making such an application, the board shall issue a permit, and provide a fee for the issuance of the same.

Several contentions are made by the appellant. First, that, having complied with all the requirements of the statute, the insurance board has no discretion to refuse the license.

When the statutory requirements are met and no examination is made, it is the duty of the board to issue a permit. *State v. Morehead,* 100 Neb. 864. But it is also the duty of the board to examine the charter and laws produced, and if the applicant is not complying with, or acting in accordance with its own laws and regulations necessary in order to entitle it to do business in another state, it may refuse to issue a permit equally as well as if the examination had been made at the home office. If after an examination has been made at the home office, as provided by the statute, the board has just and reasonable grounds to believe that it is not for the best interests of the people of the state that the applicant be admitted here, it is vested with power to refuse to issue the permit. The right to refuse, however, is not an arbitrary one which may be exercised without right or reason. It must be based upon some fact or circumstance based on the examination under the statute, which would appeal to a disinterested and fair-minded man as furnishing a reasonable ground for such refusal.

In this court the insurance board insists that the facts set forth in the application of appellant are not sufficient to justify the issuance of a permit.

An inspection of the application and of the evidence shows that section 1, ch. 1, of its by-laws, is as follows: ''This society shall be known as the Grand Lodge, Ancient Order of United Workmen of Iowa. Its principal office shall be at Des Moines, Iowa. It may do busi-

ness in any territory in the United States designated by the Grand Lodge or its board of directors, *provided that the consent of the Supreme Lodge, or its board of directors, has first been obtained.*"

Section 2. "This society exists under authority of a charter granted by the Supreme Lodge of the Ancient Order of United Workmen, and articles of incorporation, duly adopted under the laws of the state of Iowa, as a fraternal beneficiary society."

There is no showing in the record that the appellant has ever obtained the consent of the Supreme Lodge or of its board of directors to do business in Nebraska. It is not authorized, therefore, by its own laws to do business in this state, and, without regard to the reason given by the board, its order refusing the permit was proper.

The insurance board maintains that the title of the insurance act (Laws 1913, ch. 154) indicates that its purpose is "to regulate, supervise and control the business of insurance in Nebraska, to provide penalties for its violation, to provide for an insurance board and define its duties and powers;" and that by section 3, art. II of the act, "It shall have power to make all needful rules and regulations for the purpose of carrying out the true spirit and meaning of this act and all laws relating to the business of insurance."

It also contends that, since by sections 3169-3209, 3311, Rev. St. 1913, of the insurance code governing the organization of new societies and associations, the board is authorized to refuse to grant a charter to a new organization whose name is the same, or so nearly resembles a title already in use as to have a tendency to mislead the public, it has the right to deny admission to an existing foreign society for the same reason.

There are two answers to these contentions. First, sections 3294-3321 of the insurance code treats of the subject of fraternal beneficiary associations. Section 3299 provides: "Such societies shall be governed by

this article and shall be exempt from the provisions of the statutes of this state relating to life insurance companies except as hereinafter provided.'' General provisions of the insurance code relating to life insurance do not therefore apply to such societies. Second, there is no statute giving the board power to refuse admission to an organized foreign company merely on account of similarity of name to that of another company already doing business. The right to the use of a business name is a right which is protected by law. If any insurance company, or fraternal beneficiary association already using a name, suffers, or is about to suffer, damage from the unwarranted use of its name by a rival organization, it is within the power of the courts, upon proper application, to protect it in its proprietary right to its business cognomen. The power given the board to require persons desiring to form a new insurance corporation, or a new fraternal beneficiary association within this state, to adopt such name as may not interfere with existing rights, is expressly conferred by the statute, probably for the reason that the right to engage in such business is a privilege which may be granted subject to conditions.

In the case of a foreign insurance corporation, or a foreign fraternal beneficiary association having an existing name, a different condition exists. It cannot change its name to suit local circumstances, and, if it does not violate a property right of another citizen, why should it? The legislature has not conferred the power upon the board to exclude such a corporation merely on account of similarity in names. It probably considered that, since the power of the courts to protect existing business is ample, it would be wiser to leave the matter to the parties interested, which is the case with respect to all other classes of business.

The judgment of the district court is

AFFIRMED.

ROSE, J., concurring in affirmance.

In my opinion the judgment of the district court should be affirmed on a ground other than those mentioned in the opinion. The chapter of the statute conferring power upon the insurance board contains the following provisions:

"Such board shall have general supervision, control and regulation of insurance companies, associations, and societies and the business of insurance in Nebraska including companies in process of organization. It shall have power to make all needful rules and regulations for the purpose of carrying out the true spirit and meaning of this chapter and all laws relating to the business of insurance." Rev. St. 1913, sec. 3139.

The power to investigate insurance companies has also been committed to the insurance board. A statutory provision relating to names of insurance companies is as follows:

"No company, association or society organized under this chapter shall take any name in use by any other company, association or society or so closely resembling such name as to mislead the public as to its identity." Rev. St. 1913, sec. 3209.

Under powers granted by the legislature the insurance board, in acting upon an application for a license to transact insurance business in Nebraska may exercise a legal discretion as to similarity of applicant's name and that of other societies already licensed. As I view the law, the insurance board exercised a legal discretion in refusing the license on the ground stated in its order. In my opinion, the grant of legislative power is unduly restricted in *State v. Morehead*, 100 Neb. 864.

CORNISH, J., concurring.

With some hesitation I have concurred in the opinion, because it holds in accordance with the previous decisions of this court that administrative bodies, such as the insurance board, have no powers except those ex-

pressly granted them by the legislature. Legislative or judicial powers could not be granted to them. Such boards belong to the executive department of the state. The question, whether the use of the name, "A. O. U. W. of Iowa," can be denied to the Iowa company when it attempts to do business in Nebraska, in competition with the A. O. U. W. of Nebraska, is a judicial question, to be determined in the courts. Inflexible rules of law are likely, in course of time, in their application, not to serve the ends of justice in particular cases or situations. This is because our social growth represents life and is not altogether mechanical. Yet the principles of the law are ample for all difficulties. In order to meet the ends of justice, there is a temptation to turn over certain subjects to commissions. This raises the danger that we come to have a government by men and not by law. Commissions in their very nature cannot do well the work of courts. Aristotle pointed out the danger of lodging lawmaking powers in the executive department of government. As free institutions have developed, men have been more insistent upon recognizing the distinct functions of the legislative, executive, and judicial departments provided for in our Constitution.